UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLEIMI DA SILVA PIRES BORGES,

Petitioner,

v.

JULIO HERNANDEZ, et al.,

Respondents.

Case No. 2:26-cv-03347-TMC

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION

Petitioner Cleimi Da Silva Pires Borges is a 50-year-old citizen of Brazil who entered the United States in 2022[1]. Dkt. 9-1 at 1. Shortly after apprehending her, immigration officers released Petitioner on parole pursuant to 8 U.S.C. § 1182(d)(5) due to limitations related to COVID-19. Dkt. 8 ¶ 7; Dkt. 9-4. The document granting her parole did not specify an end date to her period of parole. Dkt. 9-4 at 2. Respondents state that during her parole, Petitioner was "intended to be subject to periodic check-ins with ICE [Immigration and Customs Enforcement]"

[1] The facts of this case are not, as Respondents put it, a "model of clarity." Dkt. 7 at 2. The account presented by Petitioner differs in many respects from the facts presented by Respondents. But Respondents provide exhibits that support their account while Petitioner does not. For the purposes of this Order, the Court will adhere to the facts supported by the record.

but Respondents candidly admit that their "records are incomplete as to her compliance." Dkt. 8 ¶ 8.

Petitioner alleges, and Respondents do not dispute, that in the four years following her arrival in this country, she lived openly in Washington, built strong ties to her community, complied with every condition of her release, and committed no crimes. Dkt. 5 ¶ 18. Nonetheless, on August 28, 2026, when Petitioner reported to the ICE Seattle Field Office for a check-in, she was arrested and taken into custody. Dkt. 8 ¶ 9. The I-213 form documenting her arrest does not allege any violations of her parole or changed circumstances. *See* Dkt. 9-5. ICE issued Petitioner a Notice to Appear charging her as inadmissible and transferred her to the Northwest ICE Processing Center ("NWIPC") where she remains. Dkt. 8 ¶ 10. On August 28, Petitioner requested "custody redetermination," i.e., a bond hearing, before an Immigration Judge ("IJ"), *see* Dkt. 9-7 at 2, but apparently has not had one in the almost two months since her request. *Id.* ¶ 15.

Petitioner filed this habeas petition on September 16, 2026. Dkt. 5. Respondents filed a return on September 30. Dkt. 7. Petitioner did not file a reply and the matter is ready for review. For the following reasons, the Court concludes that ICE agents violated their own regulations when they attempted to terminate her parole and arrested her. Consequently, her detention is unlawful and her petition for a writ of habeas corpus must be, and hereby is, GRANTED.

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *see also Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

## III. DISCUSSION

Petitioner argues first that she is entitled to a bond hearing because she asserts that she is a member of the Bond Denial class recognized in *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025), *aff'd*, 183 F.4th 1160 (9th Cir. 2026). Dkt. 5 at 2. Petitioner is mistaken. Because she was apprehended at the border, she does not meet one of the essential criteria to be covered by *Rodriguez Vazquez*. *See Del Valle Castillo v. Wamsley,* No. 2:25-cv-02054-TMC, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025).

Petitioner also argues that ICE violated her rights to procedural due process when they arrested her without providing notice or a meaningful opportunity to respond. Dkt. 5 at ¶¶ 38–45. Respondents acknowledge that "even as a parolee, due process protects Petitioner from arbitrary detention. *Padilla v. U.S. Immigr. & Cust. Enforcement*, --- F.4th ----, 2026 WL 2822044, at *16-19 (9th Cir. Sept. 21, 2026)." Dkt. 7 at 2. But Respondents maintain that "Petitioner received constitutionally adequate procedures surrounding her detention." *Id.* Respondents assert that they properly terminated Petitioner's parole, in compliance with the relevant regulations, and that in so doing, gave her all the process she was due. The Court disagrees.

Once parole has been granted, it may be terminated in several ways. If it has an end date, then it terminates on that date without any action necessary by the government. *See* 8 C.F.R. § 212.5(e)(1). Otherwise, the government must follow certain steps: (1) a Department of Homeland Security ("DHS") official with authority must decide that "neither humanitarian reasons nor public benefit warrants the continued presence of the [noncitizen] in the United States"; and (2) written notice must be provided to the noncitizen. 8 C.F.R. § 212.5(e)(2)(i); *see also* 8 U.S.C. § 1182(d)(5)(A) ("[W]hen the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the [noncitizen] shall forthwith return or be returned to the custody from which he was paroled[.]").

Here, while the government complied with the second requirement of providing written notice to Petitioner via the Notice to Appear issued on the day she was arrested, *see* Dkt. 9-8, Respondents do not show or even contend that an authorized official with DHS complied with the first requirement. The record does not reflect that such an official determined that "neither humanitarian reasons nor public benefit" warranted the continued presence of Petitioner in the United States. 8 C.F.R. § 212.5(e)(2)(i). Thus, contrary to Respondents' assertion that they properly terminated Petitioner's parole, the record before the Court indicates that they did not.

The Court agrees with another district judge in the Ninth Circuit, Judge Robert S. Huie, who recently had a similar case and concluded: "Government agencies are required to follow their own regulations. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *Nat'l Ass'n of Home Builders v. Norton*, 340 F.3d 835, 852 (9th Cir. 2003)." *Delfin-Ricardo v. Noem*, No. 26-CV-136-RSH-BJW, 2026 WL 353357, at *2 (S.D. Cal. Feb. 9, 2026). Judge Huie further found that "Courts have determined, in cases where DHS fails to follow its own regulations in revoking humanitarian parole, that the resulting detention is unlawful and the petitioner's release should be ordered." *Id.* (citing *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1145–46 (D. Or. 2025); *see also, e.g.*, *Dieng v. Hermosillo*, No. 2:26-cv-00190-LK, 2026 WL 411857, at *5–6 (W.D. Wash. Feb. 13, 2026); *Salazar v. Casey*, No. 25-CV-2784 JLS (VET), 2025 WL 3063629, at *5 (S.D. Cal. Nov. 3, 2025)). Courts have also recognized that a failure to follow the statutory requirements strips parolees of even the minimum process that Congress has recognized they are due. *See, e.g.*, *Dieng*, 2026 WL 411857, at *8 ("The risk of erroneous deprivation is significant where the government fails to follow its own procedures, thus depriving the noncitizen of process due prior to being detained.").

This Court reaches the same conclusion. Respondents did not comply with their own regulations when they attempted to end Petitioner's parole and consequently, her detention is in

violation of the laws of the United States and her habeas petition must be granted. *See* 28 U.S.C. § 2241(c).

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS:

1. The petition for writ of habeas corpus (Dkt. 5) is GRANTED.
2. Within ONE day of this Order, Respondents must RELEASE Petitioner Cleimi Da Silva Pires Borges on the terms of her humanitarian parole.
3. Respondents shall file a status report confirming Petitioner's release no later than October 26, 2026.
4. Respondents must return to Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412, and the parties are encouraged to confer before filing a petition.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at the party's last known address.

Dated this 23rd day of October, 2026.

Tiffany M. Cartwright
United States District Judge